UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NATIONAL ROOFERS UNION AND EMPLOYERS JOINT HEALTH AND WELFARE FUND, ET AL. | CIVIL ACTION NO. 13-597 |
| VERSUS | JUDGE JOHN W. deGRAVELLES |
| ASCENSION SHEET METAL, LLC F/K/A ASCENSION ROOFING & SHEET METAL, INC., ET AL | MAG. JUDGE STEPHEN C. RIEDLINGER |

## RULING AND ORDER

Before the Court is Plaintiffs' Motion to Strike Exhibits Attached to Defendants' Rebecca Evans Mouk Affidavit in Opposition to Plaintiffs' Motion for Summary Judgment ("Motion to Strike"). (Doc. 40). Defendant opposes the motion. (Doc. 42). Oral argument is not necessary. For the following reasons, Plaintiffs' Motion to Strike is treated as an objection and is sustained.

To briefly summarize the relevant facts pertinent to Plaintiffs' Motion to Strike, Plaintiffs, two fringe benefit funds, (collectively "The Funds") are seeking to collect delinquent contributions allegedly owed by Ascension Sheet Metal, LLC and JRE, LLC (collectively "Defendants") for nonunion employees performing work covered by a collective bargaining agreement ("CBA"). (Doc. 31). Defendants and the United Union of Roofers, Waterproofers and Allied Workers Local #317[1] ("Union") entered into the CBA (Doc. 33-6) at issue in this case. Pursuant to that agreement, Defendants agreed to make certain contributions to The Funds. (Doc 33-6, pp. 17-22). Essentially, The Funds contend Defendants owe contributions for nonunion employees. Defendants argue that no contributions are owed for nonunion employees. The Funds have moved for summary judgment, (Doc. 33) and Defendants oppose the motion. (Doc. 38).

---

[1] The Court notes that the Union is not a party to this action.

The Funds now contest the admissibility of two employee drug tests (Doc. 38-4) and (Doc. 38-5) that were attached to Defendants' affidavit in opposition to summary judgment. (Doc. 38-3). The Funds assert that the drug tests have no bearing or relevance on this matter. (Doc. 40-1, p. 1-2). The Funds argue that Louisiana law does not allow for confidential employee drug tests to be received into evidence unless they are relevant. (Doc. 40-1, p. 2) (citing La R.S. 49:1012(A)). Defendants argue that the drug tests are relevant as to whether or not the Union can fulfill its contractual duties. (Doc. 42, p. 2).

As an initial matter, in 2010 the Federal Rules of Civil Procedure were amended. Fed.R.Civ.P. 56(c)(2) now provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Id.* The Fifth Circuit has explained that "[u]nder the now-applicable Rule 56(c)(2) … it is no longer necessary for a party to file [a motion to strike]; instead, the party may simply object to the material." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012); *See also* Fed.R.Civ.P. 56 advisory committee's note to 2010 amendments ("There is no need to make a separate motion to strike."). In light of this change, the Fifth Circuit has treated motions to strike as objections. *Id.* Therefore, in this case, the Court treats Plaintiffs' Motion to Strike as an objection.

In *Shreveport Elec. Profit Sharing Plan v. Roper Elec. Co.*, No. CIV.A. 04-1730, 2006 WL 149033 (W.D. La. Jan. 18, 2006), the Western District had a similar case brought by benefit plans seeking delinquent contributions from an employer. The Western District explained:

> The Benefit Plans are third-party beneficiaries of the collective bargaining agreement between [the defendant] and the Union. *See Agathos v. Starlite Motel,* 977 F.2d 1500, 1505 (3rd Cir. 1992) (citation omitted). The rights of third-party beneficiaries typically are subject to any defenses that the promisor could assert in a suit by the promisee. *Id.* (*citing* J. Calamari & J. Perillo, *The Law of*

*Contracts* § 17-10 (3d ed. 1987)). Collective bargaining agreements, however, are not typical third-party beneficiary contracts. *Id.* (*citing Lewis v. Benedict Coal Corp.,* 361 U.S. 459, 468-69, 80 S. Ct. 489, 495, 4 L.Ed.2d 442 (1960)). In *Lewis,* the Supreme Court held that a union's breach of a collective bargaining agreement could not avoid an employer's obligation to make contributions to a union welfare fund, unless the parties agreed to preserve such a defense in unequivocal words. *Id.* at 470-71, 80 S. Ct. at 495-96.

*Roper Elec. Co.*, 2006 WL 149033, at *5.

Similarly, The Funds in this case are third-party beneficiaries to the CBA between the Defendants and the Union. Thus, Defendants cannot use the Unions alleged breach of the CBA to avoid their obligation to make contributions to fringe benefit funds. *See Id.*

Defendants' argument in opposition to the Motion to Strike concerns an alleged breach of the CBA by the Union. However, this case concerns allegedly delinquent contribution payments The Funds assert Defendants owe for nonunion employees performing work under the CBA. Thus, any breach of the CBA by the Union is not relevant to whether Defendants owe contributions. Therefore, the two drug tests Defendants attach to their affidavit (Doc 38-4) and (Doc. 38-5) are not relevant to this matter and will not be considered by the Court in ruling on The Funds Motion for Summary Judgment.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Strike (Doc. 40) is treated as an objection and is **SUSTAINED**.

Signed in Baton Rouge, Louisiana, on June 25, 2015.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**